NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Mary SABLE, et al.,

    Plaintiffs,

v.

Jennifer VELEZ, Commissioner, New Jersey Department of Human Services, and John R. Guhl, Director, New Jersey Department of Human Services, Division of Medical Assistance and Health Services,

    Defendants.

Civ. No. 09-2813

OPINION & ORDER

THOMPSON, U.S.D.J.

    This matter comes before the Court upon Plaintiffs' Motion for Reconsideration [35], seeking reconsideration of the Court's Order Denying Plaintiffs' Motion for a Preliminary Injunction [32]. For present purposes, the Court assumes that readers are familiar with that opinion as well as the underlying facts of the case. The motion has been decided upon the papers and without oral argument. For the reasons stated below, the motion is DENIED.

    A motion for reconsideration may be used to seek correction of manifest errors of law or fact. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985). Plaintiffs argue that reconsideration is appropriate because the Court committed two clear legal errors: allowing for the possibility that certain promissory notes could be counted as trust-like devices and allowing extrinsic evidence to prove that the notes are, in fact, trust-like devices.

    I.   The "Comparability Doctrine"

1

Plaintiffs first argue that it is *never* permissible for the State to treat promissory notes as trust-like devices for purposes of resource counting under the Medicaid Act, and hence that the Court's ruling that, depending on the facts, a promissory note *might* qualify as a trust-like device was a clear legal error. Plaintiffs argue that the notes should be analyzed as "cash loans" rather than as trust-like devices. However, while a promissory note could be analyzed as a "cash loan," there is nothing in the Medicaid Act or the POMS that forbids a state from instead analyzing a promissory note as a trust-like device if the facts of the situation warrant such analysis. None of the authorities cited in Plaintiffs' brief state that promissory notes may only be analyzed under the "cash loan" rubric. *See* POMS SI § 1120.220.B.2.a (explaining how negotiable, bona fide loans are counted); POMS SI § 1120.220.C (explaining how a bona fide informal loan is identified); POMS SI § 1120.202.A.5 (explaining how trust-like devices are identified). In other words, the fact that a "cash loan" in most circumstances is the "best fit" for a promissory note does not mean it is the "only fit."

The comparability sections of the Medicaid Act do not affect this reasoning. Those sections merely require that the State not assess Medicaid eligibility using a methodology any more restrictive than the methodology used to assess eligibility for the Supplemental Security Income ("SSI") provisions of the Social Security Act. There is nothing in SSI law that prohibits promissory notes from being counted as trust-like devices.

II.   The Parol Evidence Rule

Plaintiffs make the alternative argument that the Court erred by ruling that evidence outside the four corners of the promissory notes could be used to show whether or not the notes should be considered trust-like devices. Their argument that the parol evidence rule bars such evidence misunderstands the applicable scope of that rule. The parol evidence rule bars the introduction of evidence extrinsic to a written agreement for the purpose of contradicting that

agreement.  *Atlantic Northern Airlines Inc. v. Schwimmer*, 12 N.J. 293, 302 (1953); *Rest. (2d) of Contracts* § 213 (1981).  However this case does not concern the interpretation or enforcement of the promissory notes at issue.  Rather, the question is whether the notes are being used as trust-like devices, that is, devices by which money is transferred from one individual to another individual so that the transferee will hold the money for the benefit of someone other than herself.  This case does not concern the interpretation of the promissory notes in question, nor does it concern the rights and liabilities created by the notes.

The Court also notes that the parol evidence rule has been held inapplicable in situations where parties to a written agreement use the agreement to evade liability to a third party.  For example, numerous courts have noted that the Internal Revenue Service can use extrinsic evidence to contradict the terms of a written agreement between private parties in order to evaluate the appropriate tax treatment for the agreement.  *See, e.g., Smith v. Commissioner*, 324 F.2d 725, 726 (9th Cir. 1963); *Bardwell v. Commissioner*, 318 F.2d 786, 790 (10th Cir. 1963); *Commissioner v. Penn Athletic Club Building*, 176 F.2d 939, 944 (3d Cir. 1949).  This case is not a tax case, but it is sufficiently analogous to justify similar treatment.  Private persons cannot avoid liability to the government by labeling an agreement between themselves as one sort of transaction when in substance it is an entirely different sort of arrangement.  In this case, Defendants are making just this sort of claim—that Plaintiffs created what are formally promissory notes but which are in substance trust-like arrangements whereby Plaintiffs' close relatives are holding money for the benefit of Plaintiffs.

For the foregoing reasons, it is ORDERED, on this 18th day of December, 2009, that Plaintiffs' Motion for Reconsideration [35] is DENIED.

                                              */s/ Anne E. Thompson*
                                              ANNE E. THOMPSON, U.S.D.J.